**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4581**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIMERNON ROGERS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Thomas E. Johnston, District Judge. (5:07-cr-00013-1)

Submitted: January 30, 2009          Decided: March 5, 2009

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Christian M. Capece, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia; Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Simernon Rogers appeals from the sentence imposed after he pleaded guilty to distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, there are no meritorious issues for appeal. Rogers has not filed an informal supplemental brief, and the Government has declined to file a brief. Rogers' Anders brief argues that the amended crack to powder cocaine ratio still affects his sentence and the district court should have considered the continuing disparity and imposed a lower sentence. He also argues that the sentence is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a) (2006) because Rogers does not have a history of criminal violence. Finding no error, we affirm.

We review Rogers' sentence under a deferential abuse of discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). Other significant procedural errors include "treating the Guidelines as mandatory,

failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S. Ct. at 597. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. This court presumes that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The court should then consider the § 3553(a) factors to determine whether they support the sentence requested by either party. Id. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

In Kimbrough v. United States, 128 S. Ct. 558 (2007), the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a

sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. While the district court did not specifically address the crack sentencing ratio, it did not indicate that it was constrained from doing so. Further, the court articulated its main concerns in fashioning the sentence. The court correctly calculated the Guidelines range and then gave both parties the opportunity to argue for whatever sentence they deemed appropriate. Thus, the district court committed no procedural or substantive error, and Rogers' sentence, which was within the calculated Guidelines range, is presumptively reasonable. Therefore, we conclude that there was no abuse of discretion by the district court.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Rogers' conviction and sentence. This court requires that counsel inform Rogers, in writing, of the right to petition the Supreme Court of the United States for further review. If Rogers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rogers. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED